# EXHIBIT A

State Court Record, Cause No. 45D01-2012-CT-001254.

Superior Court of Lake County, Indiana

1/21/2021 USDC IN/ND case 2:21-cv-00031-PPS-APR document 1-1 filed 01/21/21 page 2 of 16

Summary - MyCase

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Vito Andello v. Calumet Electric Supply Corp

| | |
|---|---|
| Case Number | 45D01-2012-CT-001254 |
| Court | Lake Superior Court, Civil Division 1 |
| Type | CT - Civil Tort |
| Filed | 12/22/2020 |
| Status | 12/22/2020 , Pending (active) |

### Parties to the Case

**Defendant** Calumet Electric Supply Corp

Address
c/o Janet Papesh, Registered Agent
1721 Thistle
Munster, IN 46321

**Plaintiff** Andello, Vito

Address
8652 Oakwood Avenue
Munster, IN 46321

Attorney
David Wright Masse
*#2429464, Retained*

200 East 90th Drive
Merrillville, IN 46410

### Chronological Case Summary

**12/22/2020  Case Opened as a New Filing**

**12/23/2020  Appearance Filed**
Appearance by Attorney

| | |
|---|---|
| For Party: | Andello, Vito |
| File Stamp: | 12/22/2020 |

**12/23/2020  Complaint/Equivalent Pleading Filed**
Complaint for Damages and Request for Jury Trial

| | |
|---|---|
| Filed By: | Andello, Vito |
| File Stamp: | 12/22/2020 |

**12/23/2020  Subpoena/Summons Issued**
Summons

| | |
|---|---|
| Party: | Andello, Vito |
| File Stamp: | 12/22/2020 |

### Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding

balances shown, please contact the Clerk's Office.

### Andello, Vito
Plaintiff

Balance Due (as of 01/21/2021)
**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 185.00 | 0.00 | 185.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 12/23/2020 | Transaction Assessment | 185.00 |
| 12/23/2020 | Electronic Payment | (185.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

45D01-2012-CT-001254
Filed: 12/22/2020 4:56 PM
Clerk
Lake Superior Court, Civil Division
Lake County, Indiana

USDC IN/ND case 2:21-cv-00031-RPS-APR   document 1-1   filed 01/21/21   page 4 of 16

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF LAKE | ) | CONTINUOUS TERM, 2020 |

| | | |
|---|---|---|
| VITO ANDELLO | ) | |
|     Plaintiff, | ) | |
| | ) | CAUSE NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| CALUMET ELECTRIC SUPPLY CORP. | ) | |
|     Defendant | ) | |

### E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating __X__      Responding _____      Intervening _____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party:    Vito Andello

   Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   _____

   Telephone # of party _____

*(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name:    David W. Masse
             Attorney No. 24294-64
             Woodward Law Offices, LLP
             200 East 90th Drive
             Merrillville, Indiana 46410
   Phone:   (219) 736-9990
   Email:   dmasse@wbbklaw.com

**IMPORTANT: Each attorney specified on this appearance:**
(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney;** and
(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a case type as defined in administrative Rule 8(B)(3).  __CT__

4. This case involves child support issues. Yes ____ No __X__ *(If yes, supply social security numbers for GU all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

   _____     Attorney's address

   _____     The Attorney General Confidentiality program address
                (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

   _____     Another address (provide)
   _____

   This case involves a petition for involuntary commitment. Yes ____ No __X__

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
      _____

   b. State of Residence of person subject to petition: _____

   c. At least one of the following pieces of identifying information:

      (i) Date of Birth _____

      (ii) Driver's License Number _____

          State where issued _____ Expiration date _____

      (iii) State ID number _____

          State where issued _____ Expiration date _____

      (iv) FBI number _____

      (v) Indiana Department of Corrections Number _____

    (vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

7. There are related cases: Yes ____ No _X_ *(If yes, list on continuation page.)*

8. Additional information required by local rule:
   _____

9. There are other party members: Yes ____ No _X_ *(If yes, list):*

10. This form has been served on all other parties pursuant to Certificate of Service:

    Yes ____ No ____

                                                  /s/David W. Masse_____
                                                  David W. Masse, #24294-64

USDC IN/ND case 2:21-cv-00031-PPS-APR   document 1-1   filed 01/21/21   page 7 of 16

45D01-2012-CT-001254
Lake Superior Court, Civil Division 1

Filed: 12/22/2020 4:56 PM
Clerk
Lake County, Indiana

| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| --- | --- | --- |
| COUNTY OF LAKE | ) ) | CONTINUOUS TERM, 2020 |

| VITO ANDELLO | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | CAUSE NO.: |
| vs. | ) ) ) ) | |
| CALUMET ELECTRIC SUPPLY CORP. | ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

### BACKGROUND AND JURISDICTION

The Plaintiff, VITO ANDELLO, by counsel, David W. Masse, for his causes of action against the Defendant, Calumet Electric Supply Corp., alleges and states as follows:

1. The Plaintiff, Vito Andello, is a now a 79 year old male, and a resident and citizen of the County of Lake, State of Indiana.

2. The Defendant, Calumet Electric Supply Corp. is an Indiana corporation, located in East Chicago, Lake County, Indiana.

3. The incidents complained of herein occurred in the County of Lake, State of Indiana. State Courts have concurrent jurisdiction with Federal Courts to hear age discrimination claims.

4. The Plaintiff (hereafter "Mr. Andello") had been employed with the Defendant, Calumet Electric Supply Corp., beginning on or about September 6, 2016. By approximately September of 2018, Mr. Andello was employed directly under the supervision of the Corporate President, Janet Fulte Papesh.

5. Mr. Andello satisfactorily completed his job responsibilities and performed his duties with Calumet Electric Supply Corp., throughout the course of his employment.

6. On or about August 12, 2020, Plaintiff was terminated from his job by the Corporate President of Calumet Electric Supply Corp., Ms. Janet Fulte Papesh, solely and primarily due to his age (79), and replaced with a younger employee.

7. Mr. Andello timely FILED an administrative complaint of age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), and the Indiana Civil Rights Commission under EEOC Charge Number 470-2020-03650.

8. After Mr. Andello initiated proceedings with the EEOC, the EEOC issued (by U.S. mail) to him, a Dismissal and Notice of Rights, dated October 21, 2020, which was received by him a few days later. A true and correct copy of this document is attached hereto as Exhibit "A". The above-captioned lawsuit is being filed within ninety (90) days of Mr. Andello's receipt of the same.

## COUNT I

Plaintiff, Mr. Andello, for his first causes of action against the Defendant, alleges and declares as follows:

9. Plaintiff re-alleges the preceding paragraphs numbered 1-8 and incorporates said allegations by reference.

10. Defendant pursued policies and practices that discriminate against employees at or near the age of retirement, and deprived said candidates, including Mr. Andello, of equal employment opportunities because of age.

11. At various times and dates within 300 days of filing the aforementioned EEOC notice of charge of discrimination, Defendant, including Janet Fulte Papesh, the

Corporate President, subjected Mr. Andello to a hostile work environment at Calumet Electric Supply Corp., on a continuing basis, during which time Mr. Andello was subject to unwelcome harassment and disparate treatment because of his age.

12. This unwelcome harassment by Defendant, unreasonably interfered with Mr. Andello's work performance by creating an intimidating, hostile, or otherwise offensive working environment that seriously affected Mr. Andello's self-worth, self-steem, and well-being.

13. The harassment by Defendant against Mr. Andello was severe and pervasive.

14. Mr. Andello was repeatedly subjected to ridicule and derogatory remarks and epithets in front of his colleagues, fellow employees, clients, and business associates and visitors, by Ms. Janet Fulte Papesh, the Corporate President, who had the power to determine Mr. Andello's terms of employment at Calumet Electric Supply Corp.

15. Ms. Janet Fulte Papesh showed no regard for the effect this disparate treatment would have on Mr. Andello.

16. Defendant, including Ms. Janet Fulte Papesh, made offensive and insensitive remarks against Mr. Andello, with regard to his age.

17. Defendant's harassment against Mr. Andello was sufficiently obvious and Ms. Janet Fulte Papesh knew or should have known that a problem existed with regard to age discrimination against Mr. Andello.

18. Defendant treated younger employees with far greater consideration, respect, and more favorable treatment than Mr. Andello.

19. Due to Mr. Andello's age (79 at the time of the incidents), he was subjected to adverse employment actions including, without limitation, being denied promotion to (or even consideration for) positions which he was eminently qualified, being denied pay raises available to younger employees, being denied continuing education opportunities because of his age, being

subjected to disciplinary measures or reprimands for relatively minor conduct not resulting in disciplinary measures or reprimands against similarly situated younger coworkers, being subjected to more onerous performance standards than similarly situated younger coworkers, and being tasked with less favorable job assignments and duties than similarly situated younger coworkers. As such, the Defendant treated Mr. Andello differently and discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621-634, et seq., violated Ind. Code §§22-9-2-1, et seq., and other applicable federal and state statutes.

20. Defendant failed to take appropriate action to eliminate these discriminatory policies and practices and to correct the present effects of these policies and practices.

21. (WHEREFORE) As a direct and proximate result of the Defendant's discriminatory actions and/or omissions, as described above, Plaintiff, Vito Andello (Mr. Andello) has sustained damages for which he is entitled to be made whole and/or for compensation, in amounts to be determined at trial, including without limitation any lost income, her out-of pocket expenses, general damages for her pain and suffering, mental anguish, humiliation and/or emotional distress, and his reasonable attorney's fees and costs, from the Defendant.

## **PRAYER FOR DAMAGES**

WHEREFORE, having asserted various causes of action and alleging facts in support thereof, the Plaintiff, Vito Andello, prays for judgment and damages against the Defendant as previously stated and as follows:

a. awarding the Plaintiff general and/or compensatory damages, including without limitation damages for his pain and suffering, mental anguish, humiliation, and/or general emotional distress, an amounts to be determined at trial;

    b.    awarding the Plaintiff special damages, including without limitation reimbursing the Plaintiff for any loss of pay, and out-of-pocket expenses incurred as a result of the Defendants' discriminatory, retaliatory, or other unlawful conduct;

    c.    awarding the Plaintiff punitive damages for the Defendants' willful and/or malicious violation of her civil rights or its reckless indifference to her civil rights;

    d.    awarding the Plaintiff his costs and attorney's fees;

    e.    for all other legal and/or equitable relief this Court deems just and proper in the premises.

Dated this 22nd day of December, 2020.

Respectfully Submitted,

/s/ David W. Masse
DAVID W. MASSE #24294-64
Woodward Law Offices, LLP
200 East 90th Drive
Merrillville, IN 46410
Telephone: (219) 736-9990
Attorney for Plaintiff

## **REQUEST FOR JURY TRIAL**

The Plaintiff, Vito Andello, requests that this cause be tried by jury.

                                  Respectfully submitted,

                                  WOODWARD LAW OFFICES, LLP

                                By: /s/ David W. Masse
                                    David W. Masse
                                    Attorney No. 24294-64
                                    200 East 90th Drive
                                    Merrillville, Indiana 46410
                                    Tel. (219) 736-9990
                                    Fax (219) 736-9991
                                    Attorney for Plaintiff

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Vito Andello<br>8652 Oakwood Ave<br>Munster, IN 46321 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

REC. 10-23-2020
Copys—To DAIS

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-03650 | Michelle D. Ware,<br>Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[X]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     OCT 21 2020
Michelle Eisele,
District Director            *(Date Mailed)*

Enclosures(s)

cc:   Janet S. Papesh
President
**CALUMET ELECTRIC SUPPLY CORPORATION**
456 E. CHICAGO AVENUE
PO Box 540
East Chicago, IN 46312


EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

| | |
|---|---|
| **PRIVATE SUIT RIGHTS** -- | **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):** |

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

USDC IN/ND case 2:21-cv-00031-PPS-APR   document 1-1   filed 01/21/21   page 15 of 16

45D01-2012-CT-001254
Filed: 12/22/2020 4:56 PM
Clerk
Lake Superior Court, Civil Division 1
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF LAKE | ) | CONTINUOUS TERM, 2020 |

| | | |
|---|---|---|
| VITO ANDELLO | ) | |
|     Plaintiff, | ) | |
| | ) | CAUSE NO.: |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **SUMMONS** |
| CALUMET ELECTRIC SUPPLY CORP. | ) | |
|     Defendant | ) | |

THE STATE OF INDIANA TO THE DEFENDANT:   Calumet Electric Supply Corp
c/o Janet Sue Fulte Papesh, Registered Agent
1721 Thistle
Munster, IN 46321

You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: Sheriff Service

Attorney for Plaintiff:                              Date: 12/23/2020, 2020

/s/ David W. Masse
David W. Masse                                       _Lorenzo Arredondo_
Attorney No. 24294-64
Woodward Law Offices LLP                             CLERK OF LAKE CIRCUIT AND SUPERIOR COURTS
200 East 90th Drive
Merrillville, Indiana 46410                          WL
(219) 736-9990
                                                     By:_____
                                                                       Deputy Clerk

(SEAL: LAKE COUNTY COURTS INDIANA)

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ___ day of _____, _____, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the Plaintiff.

CLERK OF THE LAKE CIRCUIT AND SUPERIOR COURTS

Dated:_____, _____   By:_____
                                         Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant was accepted by the Defendant on the ___ day of _____, _____.

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT was returned not accepted on the ___ day of _____, _____.

CLERK OF THE LAKE CIRCUIT AND SUPERIOR COURTS

Dated:_____, _____   By:_____
                                         Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, _____, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2. By leaving on _____, _____, for each of the within named person(s) a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3. This SUMMONS came to hand this date, _____, _____. The within named _____ was not found in my bailiwick this date, _____, _____.

ALL DONE IN PORTER COUNTY, INDIANA.

SHERIFF OF LAKE COUNTY, INDIANA

By:_____

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same dated attached thereto were received by me at _____ in _____, Indiana, on this date, _____, _____.

_____
Signature of Defendant